```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____          │
│ DATE FILED: 7/29/09              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VENCEDOR SHIPPING LTD.,

                Plaintiff,

   -v-

INGOSSTAKH INSURANCE COMPANY,
LTD.,

                Defendant.

---

No. 09 Civ. 4779 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Before the Court is Defendant's motion for reconsideration of the July 13, 2009 Order in this matter, which denied Defendant's motion to vacate or reduce the amount of the bond that it has voluntarily posted as substitute security pursuant to Supplemental Rule E(5).[1]  For the reasons set forth below, Defendants' motion is denied.

I. Legal Standard

"A motion for reconsideration under Local Rule 6.3 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Atl. Recording Corp. v. BCD Music Group, Inc.*, No. 08 Civ. 5201 (WHP), 2009 WL 2046036, at *1 (S.D.N.Y. July 15, 2009) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mutual Marine Offices. Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp.

---

[1] The Court presumes the parties' familiarity with the Court's July 13, 2009 Order, the procedural history of this action, and the allegations contained in the Complaint.

2d 365, 368 (S.D.N.Y. 1999)). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Atl. Recording*, 2009 WL 2046036, at *1 (quoting *Colodnev v. Continuum Health Partners, Inc.*, No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)).

## II. Discussion

In the July 13, 2009 Order, the Court concluded that: (1) Rule E(4)(f) relief was unavailable because there is no pending "arrest or attachment" in this matter; (2) Rule E(6), rather than Rule E(4)(f), governed Defendant's alternative motion to reduce the amount of the security that it has posted; and (3) Defendant had not demonstrated that the amount of the posted bond should be reduced. In its motion for reconsideration, Defendant takes issue with the Court's first holding, arguing that "under Rule E(4)(f) the Court had authority to address its motion to return the surety bond." (Def.'s Mem. at 3.) The Court finds this argument unavailing.

Defendant has not pointed to facts overlooked by the Court or authority that required a different outcome regarding the application of Rule E(4)(f) in the July 13, 2009 Order. First, neither of the district court cases cited by Defendant directly confronted the issue of whether Rule E(4)(f) governs a "motion to return the surety bond issued as substitute security" under the circumstances of this case. (Def.'s Mem. at 3.) Second, Rule E(4)(f) — by its express terms — only applies in instances where "property is arrested or attached." Fed. R. Civ. P. Supp. R. E(4)(f). Defendant has not claimed that its property was attached during the pendency of the Court's May 26, 2009 Attachment Order (Doc. No. 3), and the Attachment Order was vacated *prior* to Defendant's initial June 18, 2009 letter-motion pursuant to Rule E(4)(5). (*See* Doc. No.

2

10.)  Therefore, it is of no moment that the parties' June 6, 2009 stipulation "was made 'without prejudice to [D]efendant later making an application to the Court to reduce [P]laintiff's Attachment Order . . . .'" (Def.'s Mem. at 4 (quoting Doc. No. 7).)  Simply put, there was no pending order to vacate,  and Defendant has not proffered a legal or factual basis for its position that the Court somehow erred in so finding.

Finally, assuming, *arguendo*, that Rule E(4)(f) relief was available, Defendant's contention relating to the definition of a "maritime claim" under Russian law reflects a fundamental misconception of the phrase "valid *prima facie* admiralty claim" under Rule B.  *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). Specifically, in Defendant's June 18, 2009 letter to the Court, which it incorporated by reference into its June 23, 2009 motion, Defendant asserted that "since [Plaintiff's] reimbursement claim . . . is not a maritime claim under Russian law," the Court's Attachment Order "should be vacated in its entirety . . . ."  In response to this argument, and similar remarks elsewhere in Defendant's submissions, the Court stated that, "contrary to Defendant's suggestion, Russian law does not govern the scope of federal admiralty jurisdiction."  (Doc. No. 12 at 3 n.3 (citing *Kulberg Finances Inc. v. Spark Trading D.M.C.C.*, --- F. Supp. 2d ----, No. 09 Civ. 792 (RWS), 2009 WL 1726284, at *3 (S.D.N.Y. June 18, 2009)).)  Although the Court limited the discussion of this issue to a footnote in the July 13, 2009 Order, Defendant's instant motion indicates that further elaboration is necessary.

Each of the cases upon which Defendant has relied stands for the proposition that a "*prima facie* admiralty claim" under *Aqua Stoli* requires that the claim at issue be *ripe, i.e.*, justiciable, under the substantive law governing the contract giving rise to the parties' dispute.

3

*See, e.g.*, *Sonito Shipping Co., Ltd. v. Sun United Maritime Ltd.*, 478 F. Supp. 2d 532, 542 (S.D.N.Y. 2007) (noting that "the core question" was "whether a cause of action for indemnity had accrued at the time of the Rule B attachment" under English law). Defendant's reliance on this line of authority is misplaced because Defendant's expert has not opined that Plaintiff's claim is *unripe* under Russian law. Instead, Ms. Usanova takes the position that, because Plaintiff's claim "does not fall within the specific enumerated claims in [Russia's] Merchant Shipping Code," it "should not be treated as a maritime claim." Here again, to reiterate, Russian law does not govern the scope of federal admiralty jurisdiction.

Indeed, it is wholly irrelevant to this inquiry whether, in Russia, Plaintiff's claim would be characterized as sounding in maritime law, contract, or tort. Rather, "[t]he boundaries of admiralty jurisdiction over contracts are . . . defined by the purpose of the jurisdictional grant" from Congress. *Folksamericana Reinsurance Co. v. Clean Water of New York. Inc.*, 413 F.3d 307, 311 (2d Cir. 2005) (internal citations omitted). Courts seeking guidance regarding the limitations on their maritime subject matter jurisdiction look to binding authority from the federal courts of appeals, *see, e.g.*, *id.*, rather than the law of foreign nations. Therefore, irrespective of whether the motion was governed by either Rule E(4)(f) or Rule E(6), Defendant has not persuaded the Court that it is entitled to the relief it seeks on the basis of Ms. Usanova's opinion. Accordingly, for this reason too, Defendant's motion for reconsideration is denied.

As stated in the Court's July 13, 2009 Order, the parties are directed to submit a joint letter by October 1, 2009 regarding the status of the arbitral proceedings that are related to this

4

matter.  The Clerk of the Court is respectfully directed to terminate the motion docketed as document number 15.

SO ORDERED.

Dated:         July 29, 2009
               New York, New York


RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

5